

**141**

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Austin, Texas

Dear Sir:

                    Opinion No. O-3236
                    Re: Registration of buses.

        We received your letter dated February 27, 1941,
which is self-explanatory and reads in part as follows:

        "In San Antonio, Texas, a Mr. Ben Mindes is operat-
ing the Randolph Field Transportation Company, which
consists of a number of buses operating between San Antonio
and Randolph Field and San Antonio and Camp Bullis.  In
these operations Mr. Mindes' buses do not operate between
or through more than two incorporated cities.  (You have
verbally advised us that the preceding sentence should
read that these buses do not operate between or through
two or more incorporated cities.)  He has, therefore, in
the past registered these buses with passenger license
plates.  This has been in accordance with advice, accord-
ing to Mr. Mindes, from employees of this office and other
State Agencies.  In addition to these operations Mr. Mindes'
buses operate anywhere in Texas, the United States and
Mexico on chartered trips.

        " . . .

        "From the foregoing it is the opinion of this Depart-
ment that the buses of the Randolph Field Transportation
Company are properly registered insofar as their operation
to Randolph Field and Camp Bullis is concerned, but we are
not certain as to the correctness of their registration
with passenger car license plates when they make chartered
trips.  Therefore, please advise us whether or not the buses
used by this company in transporting persons for hire on
chartered trips wherein the trip would be between or through
two or more incorporated cities they should be registered
with passenger license plates or with bus plates."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable D. C. Greer, page 2

Section N of Article 6675A-1, Vernon's Annotated Civil Statutes, provides as follows:

"(n) 'Motor Bus' shall include every vehicle except those operated by muscular power or exclusively on stationary rails or tracks, which is used in transporting persons between or through two or more incorporated cities and/or towns and/or villages for compensation (or hire) whether operated over fixed routes or otherwise; except such of said vehicles as are operated exclusively within the limits of incorporated cities and/or towns or suburban additions to such towns."

We are not informed as to the particular facts concerning the method of operation of the buses that are used on the chartered trips in question. However, in the last sentence of your letter, quoted above, you conclude that the buses are being used to transport passengers for hire. This being true, you are advised that under the express terms of the statute, quoted above, the buses used in transporting persons for hire on chartered trips wherein the trip would be between or through two or more incorporated cities are "Motor Buses" and should be registered with bus license plates.

We are enclosing a copy of our Opinion No. O-1430, which holds in effect that certain operations of buses are operations for hire within the meaning of Article 911a, Vernon's Annotated Civil Statutes.

We trust that we have satisfactorily answered your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Lee Shoptaw

Lee Shoptaw
Assistant

LS:AMM

ENCLOSURE



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN